Smith, J.
In this case we are of the opinion, and so find:
First — That at the time of the celebration of the marriage ceremony between Andrew MeCIeary, now deceased, and the plaintiff in this case, in January, 1890, and up to the time of his death, May 19, 1891, said Andrew had sufficient mental capacity to enter into and carry out a marriage contract, and that he did make and consummate this contract freely and understandingly, and that the parties thereto lived together thereafter as husband and wife until the death of MeCIeary, a period of about sixteen months. During the greater part of the time the parties so lived together after the marriage, the guardian of MeCIeary, hereinafter mentioned, provided for their support and maintenance from the estate of said Mc-Cleary, and under the order of the Probate Court of Butler county, which appointed such guardian, he purchased and paid for from said estate, a house in which said MeCIeary and his wife resided for some time before his death. And there is no evidence in the case to show that the plaintiff was in any way incapacitated from entering into such marriage relation with MeCIeary.
Second — That the fact that in 1889, the Probate Court of Butler County, Ohio, had under the provisions of sec. 6317, adjudged and found that said Andrew was incapable of taking *483 proper care of himself or of his property by reason of intemperance or habitual drunkenness, and had appointed Mr. Egbert as guardian of his person and property, which order or judgment, or said guardianship was never vacated or set aside by the court, but continued in force up to the death of McCleary, in May, 1891, is only prima facie and not conclusive evidence that he was not competent, for want of mental capacity, to enter into and consummate a legal marriage. While such judgment may be conclusive as to the want of such capacity on the part of the ward to make contracts in respect to his property which the guardian, while such relation continues, has the legal right to control, such is not the case, under the authorities, as we think, as to the executed contract of marriage. And the court having found, as a matter of fact, that these parties were fully competent to enter into the marriage relation, and that they did so, and lived together as husband and wife for more than a year, and until his death, without objection from any one, or any proceeding taken to annul the same, we hold that it was a legal and valid marriage, and that the plaintiff is entitled to a decree as prayed for.
Morey, Andrews & Morey, attorneys for plaintiff.
Thos. Millihin and A. F. Hume, attorneys for Defendants.